SCHEB, Acting Chief Judge.
On June 24, 1988, the defendant pled guilty to burglary of a motor vehicle and failure to appear. He was sentenced to two years’ probation on each offense, the sentences to run concurrently. The defendant raises two points on appeal. The first issue, concerning the trial court’s order prohibiting the defendant from driving a motor vehicle for one year, has been rendered moot by the expiration of the one year period.
The defendant’s second argument has merit. In sentencing the defendant on the burglary count, the trial court erroneously ordered his driver’s license suspended for two years. Burglary of an auto is not a crime for which the trial court is authorized to suspend a driver’s license. See § 322.28, Fla.Stat. (1987). Certain sections of Chapter 322 allow the court to forward the record of the defendant’s con *733 viction to the Department of Highway Safety and Motor Vehicles and request suspension. Mandile v. State, 547 So.2d 1062 (Fla.2d DCA 1989). The record, however, does not support the application of any of these sections. See §§ 322.26(3), 322.26(8), 322.274, Fla.Stat. (1987).
Accordingly, we vacate that portion of the sentence in which the trial court suspended the defendant’s driver’s license. We affirm the defendant’s convictions and sentences in all other respects.
HALL and PARKER, JJ., concur.