PARKER, Judge.
Jonathan Schottel appeals his judgments and sentences, arguing that the trial court had no authority to revoke his driving privileges. We agree and reverse, concluding that the statutory authority and the record provided this court do not support the suspension of Schottel’s driving privileges.
Following a plea of no contest to violation of probations based upon seven underlying felonies [1], Schottel was sentenced to incarceration to be followed by probation. The trial court also revoked Schottel’s driving privileges for a period of five years. Schottel only challenges the driver’s license revocation.
The state acknowledges that the trial court did not have the authority to revoke Schottel’s driving privileges. The state, however, asserts that this court should order the trial court to forward Schottel’s record of convictions to the Department of Safety and Motor Vehicles for mandatory revocation of his driver’s license. The state argues that section 322.26(3), Florida Statutes (1989) authorizes the trial court to request the department to revoke Schot-tel’s driving privileges because Schottel was adjudicated guilty of burglary of a conveyance and the charging documents described the conveyances as automobiles.[2] We disagree.
Pursuant to section 322.26(3), Florida Statutes (1989), the trial court may forward a driver’s record of conviction and the factual basis showing the use of a motor vehicle in the commission of the felony to the Department of Highway Safety and Motor Vehicles. It is then the responsibility of the department to revoke the operator’s license. Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989).
There is no indication in this record that a motor vehicle was used in the commission of the grand theft and dealing in stolen property convictions. Cf. Spera v. State, 556 So.2d 487 (Fla. 2d DCA 1990) (referral of matter to department proper where motor vehicle was involved in the commission of grand theft). Although there were four separate convictions for burglary of a conveyance, mandatory revocation of the driver’s license pursuant to section 322.26(3) is not applicable. See, e.g., Douglas v. State, 559 So.2d 732 (Fla. 2d DCA 1990) (burglary of automobile conviction does not support application of section 322.26(3)).
*488 Although the state did not argue that other sections of Chapter 322 would allow the trial court to forward Schottel’s conviction records to the department and request suspension, we have considered other sections of the law and find that the record does not support their application. See §§ 322.26(8), 322.274, Fla.Stat. (1989). We therefore conclude that there is no authority to suspend Schottel’s driving privileges.
We reverse and remand to the trial court to vacate that portion of Schottel’s sentence suspending his driver’s license.
RYDER, A.C.J., and CAMPBELL, J., concur.

. The charges were four counts of burglary of a conveyance, two counts of grand theft, and one count of dealing in stolen property.

. The Department of Safety and Motor Vehicles shall revoke the license of an operator when it receives the operator’s record of conviction of ”[a]ny felony in the commission of which a motor vehicle is used.” § 322.26(3), Fla.Stat. (1989).